[No. 19042. Department One. March 19, 1925.]

CHARLES BISHOP, *Respondent*, v. NINA BISHOP, *Appellant*.[1]

DIVORCE (7)—GROUNDS—ABANDONMENT AND CRUELTY—EVIDENCE—SUFFICIENCY. A decree of divorce upon the ground of abandonment and cruelty is not supported where the proof rested upon the defendant's refusal to accord sexual marital privileges, which was fully justified by defendant's impaired health.

Appeal from a judgment of the superior court for King county, Brinker, J., entered March 4, 1924, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Reversed.

*Howard Waterman* and *Richard B. Harris,* for appellant.

*Adam Beeler,* for respondent.

PARKER, J.—The plaintiff commenced this action in the superior court for King county, seeking a decree of divorce against the defendant upon the alleged ground of her abandonment and cruel treatment of him. A trial upon the merits resulted in the rendering of a decree of divorce as prayed for, from which the defendant has appealed to this court.

A painstaking review of the evidence in this case

[1]Reported in 233 Pac. 918.

renders it quite plain to us that the nearest substantial support the plaintiff has to his charges of abandonment and cruelty is the defendant's refusal to accord to him sexual marital privileges. That is not one of the causes for divorce specified in our divorce statute; § 982, Rem. Comp. Stat. [P. C. § 7501]. If that of itself constitutes abandonment or cruelty when persisted in without reasonable cause, such as because of ill health, as to which there is some conflict of authority (19 C. J. 58; 9 R. C. L. 368), then the answer to such charge in this case is found in the evidence introduced, which, to our minds, all but conclusively shows that such course of action on the part of the defendant was fully justified by the impaired condition of her health. We are slow to differ with a trial judge upon a question of fact, but feel constrained to do so in the light of the evidence in this case.

We do not feel called upon to further discuss the case. The decree is reversed.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.